[ ^LOTKIN, J.,
Dissents with Written Reasons.
The majority correctly points out that ineffective assistance of counsel claims are reviewed under the two-part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to prevail, the defendant must show both that: (1) counsel’s performance was deficient; and (2) he was prejudiced by the deficiency. In the instant case, the defendant has demonstrated that his trial counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment. The defendant also has met the second part of the Strickland test by showing that there is a reasonable probability that, but for counsel’s deficient performance the result of the proceeding would have been different.
The first instance of deficient performance was when trial counsel failed to insure that Marvel “Chichita” Crowder would testify at trial. The defendant, Damian Woods, told the trial judge that he had hired another attorney to represent him. The trial judge stated that Mr. Thomas had been in court the day before and told the judge that he would be representing the defendant. The judge told Mr. Thomas that it was his understanding that Ms. Búcaro was representing the defendant but that Mr. Thomas could second chair. The defendant told the trial judge that he intended to call Chichita as his first witness. The judge indicated that Eslíe had seen Chichita in the courtroom during jury selection and that the judge would help to secure the presence of this witness.
Chichita testified at the defendant’s first trial that Mr. Fairley had snatched her up against the wall and threatened to kill her. She further stated that the victim was out of control and that he hit her. When the defendant arrived at the club he told the victim not to hit Chichita. Chichita saw the gun; all three of them went for it, and the gun went off. She testified that she had purchased the gun from a pawn shop but she was not sure how it got down there on the night in question. She also stated that the defendant did not carry a gun with him since he is on probation. Chichita was an important witness who established that the gun used belonged to her and that she was being attacked by the victim when the defendant intervened. Counsel was ineffective in her failure to make sure that Chichita would be available to testify at trial.
The defendant filed a motion for new trial based on the discovery of new evidence. Tyrone Williams, a bouncer at a club located on Bourbon Street, testified that he saw Mr. Fairley arguing with Chichita. Tyrone stated that he saw the defendant confronted the victim about grabbing Chichita and then he saw the defendant go flying through the air, landing on the sidewalk. Tyrone testified that he did not talk to the police that *569 night and defendant’s attorney had never contacted him. This Court has held that
The trial court has much discretion in ruling on a motion for new trial. However, if the trial court exercises this discretion arbitrarily and the judgment is unjust, the reviewing court should set aside the judgment and order a new trial. State v. Hammons, 597 So.2d 990 (La.1992); State v. Knapper, 555 So.2d 1335 (La.1990). Furthermore, it is not for the trial judge to weigh the evidence or to determine the guilt or innocence of the defendant; rather, the judge must ascertain whether another jury presented with all the evidence, including the newly discovered evidence, would probably reach a different verdict. Knapper; State v. Prudholm, 446 So.2d 729 (La. 1984); State v. Talbot, 408 So.2d 861 (La.1980)(on rehearing).
┴3State v. Metoyer, 97-2266 p. 7 (La.App. 4 Cir. 10/7/98), 720 So.2d 148, 152 writ denied, 98-2805 (La.4/23/99), 740 So.2d 648. The majority claims that the defendant should have previously identified Williams as a witness since he works in close proximity to where the incident occurred. There are numerous businesses and employees in the area of the French Quarter where the shooting took place and it is unreasonable to expect the defendant to consider all of them potential witnesses. The Ventry case cited by the majority is distinguishable from the instant case. In that case the defendant had identified the witness at issue, so it was' simply a matter of locating the person. In the present case, there is nothing to indicate that the defendant knew of the existence of Mr. Williams prior to his trial. As the majority acknowledges, the testimony of Williams contradicts critical testimony by the State’s only eyewitness. Given the testimony of Tyrone Williams at the hearing on the motion for new trial concerning the night in. question, I believe that his testimony, when added to that of the Chichita and the other witnesses, would raise a reasonable doubt so as to change the jury’s verdict and warrant a new trial.
The majority contends that the trial court properly admitted the transcript of defendant’s testimony from his first trial. In State v. Reed, 324 So.2d 373 (La.1975), a case cited by the majority, the court held that “a defendant who takes the stand in his own defense is not protected by C.Cr.P. art. 857, when the state, at a subsequent trial on the same charge, seeks to introduce that testimony to a jury, so long as the state does not make it apparent to the jury that the testimony was from a prior trial.” In the instant case, the transcript from the first trial was not properly redacted. In exhibit 27, which was given to the jury; the first question states “Mr. Woods, would you, please, describe to this Court and the jury the events that occurred on November 17th, 1998”. This clearly indicates to the jury at the second trial that there had been a previous trial in this matter. Later in the transcript, there |4are comments by “THE COURT”. Thus, it is apparent that the trial court did not properly redact the transcript. The defendant was prejudiced by having'this exhibit displayed to the jury and read into the record.
For the reasons noted, I .respectfully dissent and would grant defendant’s motion for a new trial.